```
                                    ┌─────────────────────────────┐
                                    │         FILED               │
                                    │    ┌──────────────────┐      │
                                    │    │   SEP  2 2015    │      │
                                    │    └──────────────────┘      │
                                    │  CLERK, U.S. DISTRICT COURT  │
                                    │ SOUTHERN DISTRICT OF CALIFORNIA│
                                    │ BY        VMJ      DEPUTY    │
                                    └─────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>vs.<br><br>JUAN CADENA-MOLINA,<br><br>                   Defendant. | CASE NO. 15cr181-BEN<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT DUE TO THE SPEEDY TRIAL ACT |

Now before the Court is Defendant's Motion to Dismiss the indictment due to a Speedy Trial Act violation (filed April 28, 2015). Upon review, this Court finds no violation. Therefore, the motion is denied.

## I. BACKGROUND

Defendant was arrested on December 11, 2014. An information was filed on January 29, 2015. On February 23, 2015, both parties filed substantive (not *pro forma*) discovery motions. On March 9, 2015, the Court held a hearing and granted the Government's discovery motion. At the same time the Court continued the hearing on the Defendant's discovery motion, at Defendant's request, to May 4, 2015.

Before the day arrived for the continued hearing on Defendant's discovery

- 1 -

1  motion, Defendant filed the instant motion (on April 28, 2015) to dismiss, arguing a
2  Speedy Trial Act violation.

3                              **II. DISCUSSION**

4         All agree that the Speedy Trial Act provides for trial to begin within 70 days
5  once the "clock" begins to run.  The clock begins to run on the day of arrest, or the
6  day the Government charges the defendant with a crime – whichever is later.  18
7  U.S.C. § 3161(c)(1).  In this case, the later date is January 29, 2015.  So, the clock
8  began to run on that date.  The clock stops when a motion is filed.  "The following
9  periods of delay *shall be excluded* . . . delay resulting from any pretrial motion, from
10 the filing of the motion through the conclusion of the hearing on, or other prompt
11 disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D) (emphasis added).

12        Both parties filed discovery motions on February 23, 2015.  These motions
13 stopped the running of the clock.  Government's motion was heard and decided on
14 March 9, 2015.  Had that been the only motion, the clock would have begun running
15 again on March 10, 2015.  But that was not the only motion.  Defendant also filed a
16 discovery motion.  The Court held a hearing on that motion on March 9, 2015 and
17 the hearing was continued to May 4, 2015.

18        Then Defendant filed this motion to dismiss on April 28, 2015.

19        At the May 4th hearing, the Court ordered the Government to produce
20 documents and respond to the new motion and continued the hearing to June 1,
21 2015.

22        On May 18, 2015 the Defendant filed a different motion to dismiss due to an
23 invalid deportation.

24        On May 29, 2015, Defendant filed a motion to strike.

25        On June 1, 2015, the Court held another hearing and continued the hearing to
26 July 13, 2015.

27        On June 19, 2015 Defendant filed another motion to dismiss due to an invalid
28 deportation as a supplement to his earlier motion.

1   On July 13, 2015, the Court held another hearing, after which it gave
2   Defendant two additional weeks to brief an issue concerning the alleged invalid
3   deportations and indicated it would take all of the motions under advisement at that
4   time.

5   Based on the traditional understanding of the Speedy Trial Act, all of these
6   unresolved motions have tolled the clock since February 23rd. Approximately 25 of
7   the 70 permitted days have run. When the clock begins to run again, there will
8   remain approximately 45 more days to begin trial.

9   Notwithstanding the command of § 3161(h)(1)(D) to exclude time while a
10  motion is pending, Defendant argues that the 70-day clock has run out. Defendant's
11  unusual argument asserts that the Government has been tardy in producing the
12  entire A-file. He asserts that any delay is attributable to the Government. He
13  asserts that the Government has not been diligent.

14  But the argument misapprehends the operation of the Speedy Trial Act on
15  proceedings. There is no question that a defendant is entitled to discovery from the
16  prosecutor. If a defendant concludes that the prosecutor has been dilatory in
17  producing discovery or has not produced all the discovery to which he is entitled, he
18  may file a motion. On February 23, 2015, Defendant filed his motion to compel
19  discovery, to preserve evidence, and for leave to file further motions. In his motion,
20  Defendant requested an order compelling the Government to produce 27 categories
21  of evidence : (1) Defendant's written or recorded statements; (2) arrest report,
22  officer notes and dispatch tapes; (3) the A-file; (4) all *Brady* material; (5) any
23  information that may result in a lower sentence; (6) a complete copy of Defendant's
24  prior criminal record; (7) notice of any proposed Rule 404(b) evidence; (8) any
25  evidence seized as a result of any search; (9) preservation of physical evidence and
26  dispatch tapes; (10) *Henthorn* material; (11) all documents and recordings of any
27  prior removal or deportation; (12) names and summaries of expert witnesses; (13)
28  impeachment evidence for government witnesses; (14) evidence of any criminal

- 3 -

1 investigation for any government witness; (15) evidence that any government

2 witness may be biased, prejudiced, or has a motive to lie; (16) evidence tending to

3 show impairment of any witnesses' ability to perceive, remember, communicate, or

4 tell the truth; (17) addresses for each prospective witness; (18) names of any witness

5 who made an arguably favorable statement concerning the defendant; (19)

6 disclosure of any statements relevant to any possible defense; (20) Jencks Act

7 material; (21) *Giglio* information and agreements between the government and

8 witnesses; (22) express and implicit promises between the government and

9 witnesses; (23) names and addresses of all informants and cooperating witnesses;

10 (24) any information indicating bias on the part of any informant or cooperating

11 witness; (25) citizen complaints and other internal affairs documents involving the

12 officers involved in the investigation, arrest, and interrogation of defendant; (26)

13 written, videotaped, or otherwise recorded policies and training manuals of all law

14 enforcement agencies involved in the case; and (27) a request for any residual

15 information.

16     This motion required a hearing.  For the Speedy Trial Act, the Supreme Court

17 has established that there are two kinds of pretrial motions: (1) those that require a

18 hearing; and (2) those that do not require a hearing.  *Henderson v. United States*,

19 476 U.S. 321, 329-30 (1986).  For a pretrial motion that requires a hearing, the

20 clock is stopped during the time the motion is pending.  The Ninth Circuit explains

21 it this way,

22         [I]f a pretrial motion is of the sort that requires a hearing, a
           district court must exclude the following periods of delay: (i) the period
23         from the date the motion was filed to the conclusion of the hearing; (ii)
           the period from the conclusion of the hearing until the date the district
24         court "receives all the submissions by counsel it needs to decide that
           motion;" and (iii) the period from the last day of the period described
25         in (i) or (ii), as applicable, until the court rules on the motion, but no
           more than 30 days.
26
27 *United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) (citing *Henderson*, 476

28 U.S. at 329-332).  In fact, these periods of delay stop the clock "whether or not the

delay was reasonably necessary" and "even if the court does ultimately does not

- 4 -

1   hold a hearing or rule on the motion." *Id.* (citing *United States v. Gorman*, 314 F.3d
2   1105, 1115 (9th Cir. 2002)).
3       Under Supreme Court and Ninth Circuit authority, the filing of Defendant's
4   discovery motion must stop the clock until the motion is finally decided.  However,
5   Defendant argues that time should not be excluded because the problem is the
6   Government's alleged lack of diligent preparation.  Defendant relies on
7   § 3161(h)(7)(C) and *United States v. Rodriguez*, Case No. 14cr832-WQH (S.D. Cal.
8   Jun. 19, 2014).  Neither authority applies to this case.
9       Section 3161(h)(7) does not address pretrial motions.  It deals only with
10  requests for continuances.  And *Rodriguez* concerned a trial continuance.[1]  In
11  *Rodriguez*, no pretrial motions had been filed.  *On the day of trial*, with the jury
12  waiting, Defendant moved for dismissal under the Speedy Trial Act, or in the
13  alternative, for a continuance to prepare for trial in light of evidence produced the
14  day before.  The court granted the continuance.  It later concluded the continuance
15  was due to the government's fault and therefore the continuance did not stop the
16  Speedy Trial clock from running out.  "The legal error by the Government
17  concluding that the information was not subject to disclosure resulted in the
18  continuance of the trial." *Rodriguez*, at 5 (citing 18 U.S.C. § 3161(h)(7)(C)).  That
19  is not this case.
20      In this case, there have been several substantive pretrial motions filed.  Each
21  one has required a hearing.  Each one is sufficient to stop the Speedy Trial clock
22  during its pendancy.  Several motions are still under advisement.  When the
23  Defendant asked for a continuance in this case it was not a trial continuance but a
24  continuance of the hearing on his wide-ranging discovery motion.  Defendant asked
25  for a 60-day continuance during the March 9, 2015 discovery motion hearing.
26  Defendant asked for the continuance because his counsel had "not had a chance to
27  review the deport tapes" and because "there [were] several proceedings that I need
28

[1]Mr. Muhammad, Esq., was also counsel for Defendant Rodriguez.

to review, and it will take some time." To clarify the request, this Court asked defense counsel, "So, Mr. Muhammad, you're representing to the court that you really need 60 days in order to prepare your client's defense?" Defense counsel responded, "That is correct, Your Honor." It was a continuance of the discovery motion hearing due to a live controversy over the continuing production of the A-file.[2] To sum up, it appears that Defendant is arguing that the Speedy Trial clock ran out between the time he filed his discovery motion and the time set (at his request) for the continued hearing on the discovery motion. This Court disagrees.

The command of § 3161(h)(1)(D) is to exclude time while a pretrial motion is pending. Defendant's discovery motion, as detailed above, covered 27 subjects. It was far from being decided. And defense counsel had not yet reviewed all of the discovery already obtained from the Government. If at the end of the day defense counsel had persuaded the Court that the Government had not produced all of the discovery to which he was entitled, the Court would have granted the motion to compel and ordered the Government to produce. At that point, had there been no other pretrial motions pending, the Speedy Trial clock would have begun to run again.[3] That did not happen here.

### III. CONCLUSION

Defendant's motion to dismiss due to the Speedy Trial Act is denied.

DATED: August 2, 2015

Hon. Roger T. Benitez
United States District Judge

_____

[2]This Court does have general concerns about how long it takes the Government to produce a complete A-file in these types of cases.

[3]Of course, there *are* other pretrial motions that have been filed by the defense, having nothing to do with the discovery dispute, that keep the clock from advancing.

- 6 -