

FILED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>vs.<br><br>JUAN CADENA-MOLINA,<br><br>                    Defendant. | CASE NO. 15cr181-BEN<br><br>ORDER DENYING MOTION TO RECONSIDER MOTION TO DISMISS INDICTMENT DUE TO INVALID DEPORTATION |

Now before the Court is Defendant's Motion to Reconsider his motion to dismiss the indictment due to invalid deportation. Upon review, this Court finds Defendant has not established legal prejudice from any asserted flaw in the underlying removal proceedings. Therefore, the motion is denied.

## I. BACKGROUND

Defendant is charged with the crime of Attempted Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b). He previously filed a motion to dismiss. That motion was denied. Defendant now makes three new arguments in support of his motion to dismiss. Briefly stated, they are: (1) the 2000 removal order is irrelevant; (2) an alien may receive pre-conclusion voluntary departure more than once; and (3) the immigration judge failed to advise him about the possibility of withdrawing his application for admission.

The salient facts have been set out in the Court's previous order and need not be fully repeated here. Defendant is not a citizen nor a lawful permanent resident. He has entered and been removed and returned numerous times. Defendant has been convicted of numerous crimes in numerous places over twenty years. He now collaterally attacks the underlying removal orders contending that the orders are fundamentally unfair because the immigration judge in each instance failed to fulfill his duty to advise about and develop possible avenues for relief from removal.

This Court held that while it is arguable that the immigration judges did not go far enough to advise or consider Cadena-Molina's eligibility for voluntary departure during both the 2000 and 2007 deportation hearings, he could not have suffered legal prejudice. Cadena-Molina could not have been eligible for voluntary departure more than once. *See* 8 U.S.C. § 1229c(c); *see also United States v. Vivanco-Gonzalez*, 286 F. App'x 483 (9th Cir. 2008) ("We conclude that Vivanco-Gonzalez cannot demonstrate prejudice from any due process violation because he was also removed in 1998, and he could not have been eligible for pre-hearing voluntary departure as to both removals."); *United States v. Excobar-Menjivar*, 407 F. App'x 231 (9th Cir. 2011). Cadena-Molina finds himself in the same position as the defendant in *Vivanco-Gonzalez*. *See* 286 F. App'x 483. Cadena-Molina "cannot demonstrate prejudice from any due process violation because he was also removed in [2000], and he could not have been eligible for pre-hearing voluntary departure as to both removals." *Id.*; *see also United States v. Rojas-Pedroza*, 716 F.3d 1253, 1264 (9th Cir. 2013) (noting the opportunity for voluntary departure is statutorily available only once).

## II. DISCUSSION

### A. Relevance of 2000 Hearing

First, Defendant argues that his 2000 removal is irrelevant because the government is not relying on it for the §1326 charge. Perhaps he is correct. The concession does not change the conclusion that he has not established legal

1 | prejudice from a removal proceeding.

### B. Voluntary Departure Relief Only One Time

Second, although the statute and case law provide that an alien is only entitled to receive voluntary departure one time, Defendant contends that an alien may receive such relief more than once. This Court disagrees. As indicated in the prior order, *Vivanco-Gonzalez* is directly on point and would be controlling if it were a published opinion. It is not controlling but it is persuasive and consistent with other published opinions and the statute. For example, *Vivanco-Gonzalez* is consistent with *Rojas-Pedroza*, 716 F.3d at 1264, in which the Ninth Circuit observed that an immigration judge "could reasonably conclude that [an alien] was not eligible for pre-conclusion voluntary departure in 1998 because he had previously received voluntary departure." *Rojas-Pedroza* relies upon the text of 8 U.S.C. § 1229c(c).

*Vivanco-Gonzalez* is also consistent with several other decisions. *See, e.g., Sanchez-Garcia v. Holder*, 584 F. App'x 175, (4th Cir. 2014) ("We . . . find no error in the Board's conclusion that Sanchez–Garcia is statutorily ineligible for both forms of relief. *See* 8 U.S.C. § 1229c(c) (2012) (providing that an alien shall not be permitted to 'depart voluntarily . . . if the alien was previously permitted to so depart after having been found inadmissible under 8 U.S.C. § 1182(a)(6)(A).'"); *In re Escarte-Mancia*, 2012 WL 6641750 (B.I.A. Nov. 26, 2012) ("While the respondent argues on appeal that the Immigration Judge failed to weigh positive and negative factors in this case, he was not required to do so, where he made no discretionary finding. Rather, the Immigration Judge correctly denied voluntary departure based solely on the respondent's statutory ineligibility for such relief, where the respondent had previously been permitted to depart voluntarily after having been found inadmissible under section 212(a)(6)(A) of the Act, 8 U.S.C. § 1182(a)(6)(A). Section 240B(c) of the Act, 8 U.S.C. § 1229c(c)." ); *In re Juache-Aldaco*, 2013 WL 1933530 (B.I.A. Mar. 27, 2013) ("We separately note that

voluntary departure is the only form of relief the respondent sought at his hearing. We agree with the DHS that the respondent did not establish his eligibility for voluntary departure, where he was previously granted voluntary departure after being found inadmissible under section 212(a)(6)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A). *See* section 240B(c) of the Act, 8 U.S.C. § 1229c(c). Thus, the Immigration Judge properly denied his application for relief."); *In re Villa-Gonzalez*, 2014 WL 4407952 (B.I.A. Aug. 15, 2014) ("We affirm the Immigration Judge's denial of voluntary departure. The Immigration Judge correctly pretermitted and denied the application because of the respondent's prior grant of voluntary departure. *See* section 240B(c) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(c). *See Matter of Arguelles-Campos*, 22 I & N Dec. 811, 818 (BIA 1999). Inasmuch as the Immigration Judge correctly found that the Act bars the respondent from receiving another grant of voluntary departure, we do not reach his alternative decision to deny that relief in the exercise of discretion, and we need not consider the evidence presented on appeal to demonstrate that the respondent would merit a favorable exercise of discretion if eligible.").

The three cases Defendant cites in support of his argument are unpersuasive. *United States v. Uribe-Sanchez*, 758 F. Supp. 2d 1102 (S.D. Cal. 2010) is unpersuasive because it considered an alien who suffered prejudice from two deportation orders in 1994 and 1995. *Uribe-Sanchez* did not address the effect of 8 U.S.C. § 1229c(c), which permits voluntary departure only once, because it was not enacted until later in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and therefore had no effect at the time of the deportation hearings. *See Arguelles-Campos*, 22 I & N Dec. at 813.

*United States v. Rodriguez-Magana*, 2006 WL 3469594 *1 (E.D. Wash. Nov. 29, 2006), says that not every voluntary departure triggers § 1229c(c). It explains that it is only the voluntary departure that occurs after a person has been found inadmissible under § 1182(a)(6)(A). *Id.* It then goes on to say that only an

immigration judge may make a finding of inadmissibility. *Id.* That cannot be correct because § 1225 deems all aliens who have not been admitted to be applicants for admission. § 1225(a)(1). And all applicants for admission are to be inspected by immigration officers. § 1225(A)(3). Those immigration officers clearly may find an alien to be inadmissible and order the alien to be removed without further hearing. § 1225(b)(1)(A)(i). The same immigration officers may also permit an alien applicant for admission to voluntarily withdraw his or her application and depart. § 1225(a)(4).

   *Rodriguez-Magana* appears to use the expression "voluntary departure" but conflates the meaning to include both: (1) the statutory relief from removal either before the conclusion or at the conclusion of formal removal proceedings before an immigration judge and described in § 1229c; and (2) the discretionary voluntary withdrawal of an application for admission and self-removal afforded by an immigration official in the field and described in § 1225(a)(4). However, once removal proceedings have been initiated, an alien may only apply for pre-conclusion voluntary departure with the immigration judge or at-conclusion voluntary departure in lieu of removal. §1229c. In any event, *Rodriguez-Magana* had been permitted two voluntary returns by an immigration officer in the field. The third time he was placed in formal removal proceedings and an immigration judge declined to grant voluntary departure on the basis of ineligibility under § 1229c(c). The alien then challenged the correctness of the immigration judge's decision in a later § 1326 prosecution. Thus, that court never considered whether an alien was limited to one grant of voluntary departure under § 1229c(c), in multiple formal removal proceedings. But that is the question before this Court.

   *United States v. Nogueda-Pino*, 2013 WL 321858 (N.D. Cal. Jan. 28, 2013), addressed the same question now before this Court. However, it relied upon and echoed the missteps of *Rodriguez-Magana*, and then used a phrase not present in the statute: "voluntary pre-hearing departure." *Id.* at *4. *Nogeuda-Pino* reasoned,

"even if defendant had been permitted to make a voluntary pre-hearing departure in May 2000, it is plausible that he would have been granted the opportunity to depart in 2006." *Id.* A voluntary pre-hearing departure must refer to something other than the relief statutorily labeled "voluntary departure" – something which appears only in § 1229c as relief possible "prior to the completion" of proceedings or "at the conclusion" of proceedings. If "voluntary pre-hearing departure" refers to an alien's voluntary withdrawal of his application for admission under § 1225(a)(4), it is correct to say that such relief could be received multiple times from an immigration officer in the field. There is no similar statutory bar against multiple withdrawals of applications for admission. The problem with the reasoning is that once formal removal proceedings have begun with an immigration judge, as was the case with Cadena-Molina, there is no statutory option for withdrawing one's application for admission.

Pre-completion-of-proceedings voluntary departure afforded under § 1229c(a) may only be received one time. Thus, Cadena-Molina could have only received it once, whether at his 2000 or 2007 removal proceedings. He could not have received it during both removal proceedings. Consequently, he cannot show legal prejudice from the failure of an immigration judge (if there was a failure) to fully advise and develop the equities necessary for such pre-completion-of-proceedings relief at *both* the 2000 and 2007 hearings. *See, e.g., United States v. Rosas*, 493 F. App'x 857, 859 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 993 (2013) ("Having received voluntary departure in January 2002, Estrada was ineligible for a second voluntary departure in March 2002. *See* 8 U.S.C. § 1229c(c)."); *Rosales-Contraras v. Holder*, 325 F. App'x 537 (9th Cir. 2009) (finding alien "statutorily ineligible for voluntary departure" due to § 1229c(c)).

### C. Withdrawal of Application of Admission

Lastly, Defendant argues that he was eligible for relief in the form of withdrawal of his application for admission and that the immigration judge failed to

inform him of this relief. Section 1225(a)(4) permits an immigration officer to afford a non-admitted alien permission to withdraw his or her application for admission and to depart voluntarily. Section 1225 generally governs what may be described as expedited removal proceedings. "An expedited removal proceeding under 8 U.S.C. § 1225 allows immigration officers to (1) determine whether certain aliens are inadmissible, and (2) enter removal orders, generally without hearing or further review." *United States v. Raya-Vaca*, 771 F.3d 1195, 1199 (9th Cir. 2014).

A formal removal proceeding with an immigration judge, on the other hand, is not an expedited removal proceeding. Defendant cites no authority for the proposition that withdrawal of application for admission was available to Defendant during formal removal proceedings[1] or that an immigration judge has an obligation to inform about that avenue of relief. According to 8 C.F.R. § 1235.4, permission to withdraw an application "should not normally be granted," and Defendant has cited no case where an alien in Defendant's circumstances was granted such permission. Consequently, it is not plausible that Defendant suffered legal prejudice from omitting advice about voluntary withdrawal of an application for admission. Given that the alien bears the burden of showing prejudice, a lack of evidence either way precludes a finding of prejudice. *See United States v. Barajas–Alvarado*, 655 F.3d 1077, 1088 n.12 (9th Cir. 2011).

### III. CONCLUSION

Defendant's motion to reconsider is denied.

DATED: September 23, 2015

Hon. Roger T. Benitez
United States District Judge

---

[1] There is an exception for an alien arriving in the United States. Section 1229c(a)(4) permits arriving aliens to withdraw their application for admission. However, the same subsection takes away from these arriving aliens the possibility of pre-completion-of-proceedings voluntary departure. Cadena-Molina did not claim to be an arriving alien in either 2000 or 2007, so § 1229c(a)(4) has no effect on this case.